**Denied and Opinion Filed August 16, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-24-00963-CV

## IN RE BRIGADE ENERGY SERVICES, LLC, Relator

**Original Proceeding from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-11480**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Smith

Before the Court are relator's August 15, 2024 petition for writ of mandamus and emergency motion for stay. Relator challenges the portion of the trial court's August 12, 2024 Order Granting Plaintiff's Motion to Compel Discovery and Privilege Log Against Defendant Brigade Energy Services, LLC whereby the trial court ordered relator to produce a PowerPoint presentation. Relator contends in this original proceeding that the PowerPoint presentation is protected by the attorney–client and work-product privileges.

Entitlement to mandamus relief requires relator to show that the trial court clearly abused its discretion and that relator lacks an adequate appellate remedy. *In*

*re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Relator bears the burden of providing the Court with a record that is sufficient to show it is entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

As the party asserting privilege, relator had the burden to present any evidence necessary to support the privilege asserted in the trial court. TEX. R. CIV. P. 193.4(a). The evidence may be testimony presented at the hearing or affidavits served at least seven days before the hearing or at such other reasonable time as the court permits. *Id.*

The record reflects that relator did not file any response to real party in interest's motion to compel or any affidavits to support its privilege assertion prior to the August 2, 2024 hearing on real party's motion to compel. The trial court's order granting real party's motion to compel recites that the trial court had considered "the Motion [to Compel], Supplemental Motion, evidence, [and] arguments of counsel." Relator, however, did not provide a transcript of the August 2, 2024 hearing or a statement that "no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a)(2). Without a transcript of the August 2, 2024 hearing or a rule 52.7(a)(2) statement, we are unable to determine whether relator made the required evidentiary showing and must presume the evidentiary record at the hearing supports the trial court's ruling. *See In re Verp Inv., LLC*, No. 05-14-01403-CV, 2014 WL 7476501, at *1 (Tex. App.—Dallas Dec. 31,

2014, orig. proceeding) (mem. op.) (denying mandamus relief wherein relator challenged order on motion to compel when relator failed to comply with rule 52.7(a)(2)).

Relator contends that at the August 2, 2024 hearing, the trial court requested additional evidence regarding the PowerPoint presentation at issue. But relator has not provided the transcript of the hearing to support this statement. TEX. R. APP. P. 52.3(g) (requiring every statement of fact to be supported by citation to competent evidence included in the appendix or record). Although relator filed a response with attached declarations several days after the August 2, 2024 hearing, the trial court's order does not refer to those materials.

Finally, even if the August 2, 2024 hearing was not evidentiary, and even if the trial court considered the response and attached exhibits that relator filed on August 7, 2024, we nevertheless conclude, after reviewing the petition and record before us, that relator failed to demonstrate its entitlement to mandamus relief.

Accordingly, we deny relator's petition for writ of mandamus. We also deny as moot relator's emergency motion.

/Craig Smith/
CRAIG SMITH
JUSTICE

240963F.P05

–3–